## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BENJAMIN DENIZARD, on his own behalf and others similarly situated,,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-714-Orl-31DAB**

**RELIC INC., a Florida profit corporation; TREFOIL PRESERVATION INC., a Florida profit corporation; and GINGER BRIDGES, individually,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AND MOTION TO CERTIFY CLASS (Doc. No. 12)**
>
> **FILED:** June 13, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

The motion seeks entry of a default judgment against the corporate Defendants and conditional certification of a class in this Fair Labor Standards Act case. According to the motion, service was perfected on the corporate Defendants but not on the individual. In addition to a default judgment, the motion seeks certification of a class based on the material allegations of the Complaint which

Plaintiff claims are admitted due to the default. For the following reasons, it is recommended that the motion be denied, as premature.

*Default*

The law in this circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D.Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (*citing Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D.N.Y.2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, Civil Action No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D.Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Service, Inc.*, 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011). *See also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once a default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b). *Doe v. Clifford Fort Myers, LLC,* No. 2:07-cv-334-FtM-34SPC, 2008 WL 1776897, *1 (M.D. Fla. Apr. 16, 2008). "The law is clear that these two separate steps cannot be combined into one. . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC,* No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010). Here, as there has been no entry of clerk's default, the motion for entry of default judgment is, at best, premature.

Moreover, the motion notes that the individual Defendant, alleged to be jointly liable, has yet to be served. In cases involving more than one defendant, it has been held that a judgment should

not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554. *Cf. Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that"*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications." ). This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.,* No. 6:05-CV-136-ORL-DAB, 2007 WL 4557247 (M.D. Fla. 2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, *1 (M.D. Fla. July 11, 2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott*, No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137 (M.D. Fla. Aug. 6, 2008).

Here, the individual Defendant has yet to be served and may yet present a defense. Thus, the risk of inconsistent adjudication is present. Absent any indication that entry of final judgment solely against these defendants are necessary or appropriate at this point, the Court recommends against proceeding in this piecemeal fashion. See Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter

-3-

final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

*Certification of Collective Class*

The motion also seeks an Order conditionally certifying a class of all similarly-situated laborers. Here, too, a two stage procedure applies. *Morgan v. Family Dollar Stores, Inc.*, 551 F. 3d 1233, 1260 (11th Cir. 2008). In the notice stage, the district court must determine whether other similarly situated employees exist and should therefore be notified of the lawsuit. *Id.* Although the Eleventh Circuit has not adopted a precise definition for "similarly situated employees," a "district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan*, 551 F.3d at 1259 (*quoting Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567 (11th Cir.1991)).

> A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. *See Anderson*, 488 F.3d at 952; *Grayson*, 79 F.3d at 1097; *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir.1983).[fn omitted]. We have described the standard for determining similarity, at this initial stage, as "not particularly stringent," *Hipp*, 252 F.3d at 1214, "fairly lenient," *id.* at 1218, "flexib[le]," *id.* at 1219, "not heavy," *Grayson*, 79 F.3d at 1097, and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)," *id*. at 1096. In 2007, we recounted our law and noted that at the initial stage, courts apply a "fairly lenient standard." *Anderson*, 488 F.3d at 953; *see Hipp*, 252 F.3d at 1218. The district court's broad discretion at the notice stage is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion. Nonetheless, there must be more than "only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores." *Haynes*, 696 F.2d at 887.

*Morgan*, 551 F.3d at 1260-61. The second stage is triggered by an employer's motion for decertification. *Id.* This second stage is less lenient, and the plaintiff bears a heavier burden. *Id.*

Applied here, Plaintiff's showing of similarly situated persons is based largely on the allegations of the unverified complaint, which Plaintiff contends are deemed admitted by the default

-4-

(Doc. 12, p. 8). As noted above, however, it is premature to adjudicate the merits of the suit in view of the outstanding answer of the individual (and allegedly jointly liable) Defendant.  Other than the unsworn allegations of the Complaint, Plaintiff offers only a conclusory statement, also unsworn and not explicitly made under penalty of perjury,[1] in which Plaintiff declares that he worked from August 2013 through November 2013 "alongside approximately 15-20 other individuals who performed the exact same type of labor as myself." (Doc. 12-2).  Although Plaintiff claims that Defendants "did not pay us overtime" and asserts that "[m]any of my co-workers are native Spanish speakers who would likely join this case if given proper notice of their rights," Plaintiff does not provide a reasonable basis for concluding that he has personal knowledge of either of these assertions. The Court notes that, to date, no one other than Plaintiff has opted-in to this suit.  While the initial showing does not have to be exceptional, here, Plaintiff has offered only vague and unsworn conclusions.   The Court **recommends** against granting conditional class certification on this paltry showing.

For the foregoing reasons, it is therefore **respectfully recommended** that the motion be denied, without prejudice to seeking the relief, preferably as two separate motions, upon a more developed record and an appropriate showing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] While the title of the statement is "Declaration of Benjamin Denizard Pursuant to 28 U.S.C. §1746," the statute requires an affirmative declaration that the statement is made under penalty of perjury, which is missing from this document.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy